UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEON COLEMAN,

       Plaintiff,                              Case No. 12 – 10099

v.                                        Hon. Mark A. Goldsmith
                                             Mag. Judge Laurie J. Michelson

M. GULLET, M. MORRISEY,
DR. LAMBERT, N.P. WILCOT,
DORENE SMITH, JUDY CRISENBERY,
P. A. MORRIS, DR. REEVES, DR. KERSIG, F. PEREA,
P.A. COUTURIER, N. MCLEAN, RMD COLEMAN,
HUM BAILEY, STATE OF MICHIGAN,
V.H.S. HEALTH CARE, LORI GIDLEY,
DAVID BERGH, and JOHN/JANE DOE(S),

       Defendants.

_____/

**REPORT AND RECOMMENDATION TO DENY WITHOUT PREJUDICE
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. 8] AND ORDER
DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL [DKT. 13]**

**I.      BACKGROUND**

As recently summarized by District Judge Mark A. Goldsmith:

> Plaintiff Deon Coleman, a state prisoner at Thumb Correctional
> Facility in Lapeer, Michigan, has filed a *pro se* civil rights complaint
> under 42 U.S.C. § 1983 for alleged violations of his constitutional
> rights. Defendants are the State of Michigan, a health care provider
> known as V.H.S Health Services, and various individuals employed
> by the Michigan Department of Corrections.
>
> The complaint and exhibits allege that Plaintiff entered prison in
> 2011 with a bullet in one finger and a cast on one foot due to an ankle
> injury. The cast was removed on October 31, 2011, but Plaintiff
> alleges that he has two pins connecting his foot to his ankle and that
> at least one pin is broken and penetrating a bone. Plaintiff claims that
> he needs pain medication, post-operative treatment on his ankle, and
> the assistance of a medical specialist. He states that he did not
> receive prompt medical care and that he has suffered from severe

> pain since May 23, 2011. Plaintiff also asserts that the defendants
> have retaliated against him, have mishandled his medical records, and
> have failed to follow post-operative instructions in addition to being
> deliberately indifferent to his serious medical condition.

(Dkt. 6, Opinion and Order.)   On February 2, 2012, Judge Goldsmith dismissed the State of

Michigan and ordered Plaintiff to submit copies of his complaint for service on the remaining

Defendants.  (*Id*.)  On May 1, 2012, the Court further ordered Plaintiff to submit to the Clerk of the

Court, within twenty-one (21) days, the first and last names of a number of the Defendants and their

addresses.  (Dkt. 9.)  At the conclusion of the twenty-one days, the United States Marshal was

ordered to serve the appropriate papers on the defendants for whom Plaintiff has provided a name

and address.  (*Id*.)  Plaintiff responded on May 14, 2012 (Dkt. 11) and the Marshal Service is in the

process of trying to serve the remaining named Defendants (Dkt. 12).  As of the date of this Order,

however, only four (4) Defendants have appeared.  (Dkts. 15, 16.)  The case has been referred to this

Court for all pre-trial proceedings.  (Dkt. 14.)

## II.    MOTION FOR SUMMARY JUDGMENT

On March 14, 2012, Plaintiff filed a Motion for Summary Judgment.  (Dkt. 8.)  The Federal

Rules of Civil Procedure require that this type of motion be served on all applicable defendants.

Fed. R. Civ. P. 5(a)(1)(D).  As discussed above, none of the Defendants had even been served with

the Complaint at the time Plaintiff filed this Motion.  Nor does the Motion contain a proof of service

indicating that Plaintiff served it on the Defendants.  Thus, the Court RECOMMENDS that

Plaintiff's Motion  for Summary Judgment be DENIED WITHOUT PREJUDICE to being refiled

at a more appropriate time – i.e., after the Defendants have been served and have an opportunity to

respond.  Prior to any refiling, the Court trusts Plaintiff will review Federal Rule of Civil Procedure

56 which governs motions for summary judgment.  *See, e.g.*, Fed. R. Civ. P. 56(a) (explaining the

2

standard for granting a motion for summary judgment – "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.")

## III.    MOTION TO APPOINT COUNSEL

Plaintiff has also requested that counsel be appointed to represent him in this matter.[1]

Appointment of counsel is within the trial court's discretion. *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996). "As a general rule, trial courts in the Sixth Circuit do not appoint lawyers for indigent pro se prisoners in civil rights cases and prisoner grievance-type cases unless extraordinary circumstances exist." *Hudson v. Caruso*, No. 1:10-cv-58, 2011 U.S. Dist. LEXIS 27920, at *8 (W.D. Mich. Jan. 24, 2011). As the Sixth Circuit has explained:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether "exceptional circumstances" exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane,* 992 F.2d 601, 605-06 (6th Cir. 1993) (internal quotation marks and citations omitted).

From a review of the current record in this case, the court is unable to find any exceptional circumstances justifying the appointment of counsel. While Plaintiff claims that the issues are complex and his ability to litigate is limited as a result of his incarceration, he has adequately explained the facts forming the basis of this §1983 lawsuit indicating his basic understanding of the legal process.

_____

[1] Because Plaintiff's Motion indicates that it was being brought pursuant to Federal Rule of Civil Procedure 34, the docket identifies the motion as one to compel and to appoint counsel. The only relief sought in the motion, however, is the appointment of counsel. (Dkt. 13.)

3

Additionally, "it is the practice of this Court to defer any attempt to obtain counsel for *pro se* civil rights Plaintiffs until after motions to dismiss or motions for summary judgment have been denied." *Cook v. Caruso*, No. 09-10892, 2010 U.S. Dist. LEXIS 134683, at *2 (E.D. Mich. Dec. 20, 2010).   Here, not all of the Defendants have even been served, let alone filed any dispositive motions.   Thus, Plaintiff's request for counsel is premature.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons, the Court Recommends that Plaintiff's Motion for Summary Judgment be **DENIED** without prejudice and orders that Plaintiff's Motion to Appoint Counsel is **DENIED** without prejudice to Plaintiff's right to renew the Motions at a more appropriate time.

## V.  FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97.  Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office.  *See* E.D. Mich. LR 5.1.  A copy of any objections is to be served upon this magistrate judge but this does not constitute filing.  *See* E.D. Mich. LR 72.1(d)(2).  Once an

objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response.  E.D. Mich. LR 72.1(d)(3), (4).

Regarding this Court's Order on Plaintiff's Motion to Appoint Counsel, the attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen days from the date of receipt of a copy of this order to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES MAGISTRATE JUDGE

Dated:  June 1, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 1, 2012.

s/Jane Johnson
Deputy Clerk