UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEON COLEMAN,

                Plaintiff,                                 Civil Action No.
                                                          12-cv-10099

vs.

                                                       HON. MARK A. GOLDSMITH

M. GULLET, M. MORRISEY,
DR. LAMBERT, N.P. WILCOT,
DORENE SMITH, JUDY CRISENBERY,
P. A. MORRIS, DR. REEVES,
DR. KERSIG, F. PEREA,
P.A. COUTURIER, N. MCLEAN,
RMD COLEMAN,
HUM BAILEY, STATE OF MICHIGAN,
V.H.S. HEALTH CARE, LORI GIDLEY,
DAVID BERGH, and JOHN/JANE DOE(S),

                Defendants

_____/

## <u>ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 17) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. 8) AND PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. 13)</u>

      This matter is before the Court on the Report & Recommendation ("R&R") entered by

Magistrate Judge Laurie J. Michelson on June 1, 2012 (Dkt. 17). On January 10, 2012, Plaintiff

Deon Coleman, a state prisoner at Thumb Correctional Facility in Lapeer, Michigan, filed a pro

se civil rights complaint under 42 U.S.C. § 1983 for alleged violations of his constitutional

rights. Defendants are the State of Michigan, a health care provider known as V.H.S Health

Services, and various individuals employed by the Michigan Department of Corrections. On

March 14, 2012, Plaintiff filed a motion for summary judgment (Dkt. 8). The Federal Rules of

Civil Procedure require that this type of motion be served on all applicable defendants. Fed. R.

Civ. P. 5(a)(1)(D). However, at the time Plaintiff filed the motion, none of the Defendants had

even been served with the complaint, nor did the motion include a proof of service indicating

that Plaintiff served it on the Defendants. The Magistrate Judge therefore recommended in the

R&R that the motion for summary judgment be denied "without prejudice to being refilled at a more appropriate time – i.e., after the Defendants have been served and have an opportunity to respond." R&R at 2.

Plaintiff also filed a motion (Dkt. 13) requesting that counsel be appointed to represent him in this matter. After reviewing the record, the Magistrate Judge was unable to find any exceptional circumstances justifying the appointment of counsel. Additionally, the Magistrate Judge noted that "it is the practice of this Court to defer any attempt to obtain counsel for pro se civil rights Plaintiffs until after motions to dismiss or motions for summary judgment have been denied." Cook v. Caruso, No. 09-10892, 2010 U.S. Dist. LEXIS 134683, at *2 (E.D. Mich. Dec. 20, 2010). Because not all of the Defendants have even been served, let alone filed any dispositive motions, the Magistrate Judge recommended that this request be denied without prejudice to renew the motion at a more appropriate time.

Plaintiff has not filed objections to the R&R and the time to do so has expired. Thus, Plaintiff has waived any further right to appeal. Thomas v. Arn, 474 U.S. 140, 155 (1985). In any event, the Court has reviewed the R&R and finds that the Magistrate Judge has reached the correct results for the proper reasons. Accordingly, it is ordered that the R&R (Dkt. 17) is accepted and adopted as the findings and conclusions of the Court. It is further ordered that Plaintiff's motion for summary judgment (Dkt. 8) and motion to appoint counsel (Dkt. 13) are denied without prejudice.

SO ORDERED.


Dated: July 6, 2012                                    s/Mark A. Goldsmith
       Flint, Michigan                                 MARK A. GOLDSMITH
                                                       United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 6, 2012.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager