UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEON COLEMAN,

    Plaintiff,                                Case No. 12 – 10099

v.                                          Hon. Mark A. Goldsmith
                                                 Mag. Judge Laurie J. Michelson

M. GULLET, M. MORRISEY,
DR. LAMBERT, N.P. WILCOT,
DORENE SMITH, JUDY CRISENBERY,
P. A. MORRIS, DR. REEVES, DR. KERSIG, F. PEREA,
P.A. COUTURIER, N. MCLEAN, RMD COLEMAN,
HUM BAILEY, STATE OF MICHIGAN,
V.H.S. HEALTH CARE, LORI GIDLEY,
DAVID BERGH, and JOHN/JANE DOE(S),

    Defendants.
_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [DKT. 37]

**I.    RECOMMENDATION**

Pending before the court is *pro se* Plaintiff Deon Coleman's July 16, 2012 Motion for Default Judgment. (Dkts. 37.) This is a prisoner civil rights action in which the Plaintiff is proceeding *in forma pauperis*. Plaintiff's Motion misunderstand the effect of the notice from the United States Marshals regarding their effort to serve Defendants. Because the Defendants referenced in Plaintiff's Motion have not yet been served, and, in any event, the Plaintiff is not entitled to a default judgment for the Defendants' failure to reply to a prisoner civil rights complaint, this Court **RECOMMENDS** that Plaintiff's Motion be **DENIED**.[1]

---

[1] "Although not specifically listed in 28 U.S.C. 636(b)(1)(A), a motion for a default judgment has been found dispositive because it is 'substantially similar to several of the listed motions'" *Victoria's Secret Stores v. Artco Equip. Co.*, 194 F. Supp. 2d 704, 714 (S.D. Ohio 2002) (quoting

## II. REPORT

### A. Background

On January 10, 2012, Plaintiff Deon Coleman, a state prisoner at Thumb Correctional Facility in Lapeer, Michigan, filed a pro se civil rights complaint under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. (Dkt. 1.) As summarized in a prior opinion by District Judge Mark A. Goldsmith:

> The complaint and exhibits allege that Plaintiff entered prison in 2011 with a bullet in one finger and a cast on one foot due to an ankle injury. The cast was removed on October 31, 2011, but Plaintiff alleges that he has two pins connecting his foot to his ankle and that at least one pin is broken and penetrating a bone. Plaintiff claims that he needs pain medication, post-operative treatment on his ankle, and the assistance of a medical specialist. He states that he did not receive prompt medical care and that he has suffered from severe pain since May 23, 2011. Plaintiff also asserts that the defendants have retaliated against him, have mishandled his medical records, and have failed to follow post-operative instructions in addition to being deliberately indifferent to his serious medical condition.

(Dkt. 6, Opinion and Order.)

Plaintiff is seeking to sue 22 Defendants. The Court allowed Plaintiff to proceed without prepayment of the fees and costs for this action. (Dkt. 4.) Orders have been entered directing Plaintiff to provide better names and addresses for certain Defendants and to file an Amended Complaint to add certain other Defendants. (*See* Dkts. 9, 32.) On May 17, 2012, the United States Marshals acknowledged that it received for service of process numerous copies of the summonses and complaints. (Dkt. 12.) Given the sheer number of Defendants, however, and the issues with names and addresses, most of the Defendants have not yet been served. As this Court noted in a

---

*Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999)).

prior Order, it appears that the United States Marshal Service has not yet attempted to serve several Defendants and will need to make additional attempts to serve others – i,e, where the waivers of service were returned unexecuted. (Dkt. 32.) The Court, however, is holding off on directing the Marshals to reserve these Defendants until after Plaintiff has filed his Amended Complaint. *Id*.

On July 16, 2012, Plaintiff filed the present Motion for Default Judgment on the ground that "Defendants M. Gullet, M. Morrisey, Dr. Lambert, N.P. Wilcot, P. A. Morris, Dr. Reeves, Dr. Kilaru, P.A. Couturier, N. McLean, RMD Coleman, Dr. Edelman, Dr. Pandya, Dr. Borgedine, and Corizon Health Services have refused to respond from US Marshals orders to appear." (Dkt. 37, Mot. For Def. J. at 1.) It appears that Plaintiff misinterprets the May 2012 Acknowledgment from the Marshals – indicating they received documents for service of process and were seeking waivers of service – to mean the Defendants were served. The docket makes clear, however, that none of these Defendants have been served.

**B. Analysis**

As a threshold matter, Plaintiff's Motion should be denied on procedural grounds. In order to obtain judgment by default, the proponent must first request the clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a). If obtained, then the proponent may file for default judgment by the clerk, or by the court. Fed. R. Civ. P. 55(b). Plaintiff did not request the clerk's entry of default prior to seeking judgment by the court and thus, "Plaintiff's motion for default judgment is not properly before this court." *Meier v. Green*, No. 07-CV-11410, 2007 U.S. Dist. LEXIS 43058, at *10 (E.D. Mich. June 14, 2007); *Hickman v. Burchett*, No. 2:07-cv-743, 2008 WL 926609, *1 (S.D. Ohio Apr. 4, 2008) ("[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." (internal quotation marks omitted, collecting cases)).

3

Additionally, a default judgment is only appropriate where a defendant fails to plead or otherwise defend the claim asserted by the Plaintiff. Fed. R. Civ. P. 55(a). "Because a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of default." *Fisher v. Lynch,* 531 F. Supp. 2d 1253, 1269 n.12 (D. Kan. 2008). This "prerequisite" has yet to be satisfied.

Plaintiff is responsible for serving Defendants. Fed. R. Civ. P. 4(c)(1). Where, as here, a plaintiff has been authorized to proceed *in forma pauperis*, "the court may direct that service be effected by a United States Marshal." Fed. R. Civ. P. 4(c)(2). There is no basis for Plaintiff's contention that the Defendants referenced in his Motion have "refused to respond from US Marshals orders to appear." While the Marshals gave notice on May 17, 2012, that they had mailed copies of the Complaint to numerous Defendants, the docket further reflects that many waivers of service of process were returned *unexecuted* and still others have not yet been sent.

Service upon an individual from whom a waiver has not been obtained and filed may be effected pursuant to the law of the state in which the district court is located. Fed. R. Civ. P. 4(e)(1). The Michigan Court Rules provide that process may be served on a resident or nonresident individual by:

> (1) delivering a summons and a copy of the complaint to the defendant personally; or (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. R. 2.105(A). Here, there is no indication that the summons and complaint were served on Defendants personally. While copies of the Complaint were mailed, there is no suggestion it was

4

by registered or certified mail – and Plaintiff has not identified a return receipt signed by Defendants as proof showing service under Mich. Ct. R. 2.105(A)(2). Thus, while some service may have been attempted, it was not effectuated prior to the filing of Plaintiff's Motion. *See Meier,* 2007 U.S. Dist. LEXIS 43058 at *7; *Berger v. King World Prods., Inc.*, 732 F. Supp. 766, 769 (E.D. Mich. 1990).

Lastly, a default judgment in this case would be improper even if the Defendants had been served because §1997e(g)(1) of the Prison Reform Litigation Act provides that "[a]ny defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law." 42 U.S.C. § 1997e(g)(1). As the Supreme Court has explained, pursuant to this provision "unlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court, and waiving the right to reply does not constitute an admission of the allegations in the complaint." *Jones v. Bock,* 549 U.S. 199, 213-14 (2007). Thus, "prisoner plaintiffs filing suit under § 1983 are not entitled to entry of default against a defendant who has been properly served, but nevertheless has not filed any reply." *LaFountain v. Martin*, No. 1:07-cv-76, 2009 U.S. Dist. LEXIS 112349, at *11 (W.D. Mich. Dec. 3, 2009).

### C. Conclusion

In sum, there has been no request by Plaintiff for entry of a default by the clerk, the Defendants referenced in Plaintiff's Motion have yet to be served, and a default judgment is not the appropriate remedy for a defendant's failure to respond to a prisoner's complaint seeking relief under § 1983. Accordingly, this Court recommends **DENIAL** of Plaintiff's Motion for Default Judgment.

**III.     FILING OBJECTIONS TO THIS REPORT**

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

Date: July 30, 2012              s/Laurie J. Michelson
                                 Laurie J. Michelson
                                 United States Magistrate Judge

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 30, 2012.

                                 s/J. Johnson
                                 Deputy Clerk