UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEON COLEMAN,

    Plaintiff,                                  Civil Action No. 12-10099

v.                                          HON. MARK A. GOLDSMITH

GULLET, et al.,

    Defendants.
_____/

**OPINION AND ORDER (1) ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS (DKTS. 41, 52), (2) DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. 37), (3) GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (DKTS. 20, 26), (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. 34), (5) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. 56), (6) OVERRULING PLAINTIFF'S OBJECTIONS (DKT. 57), and (7) DENYING AS MOOT OTHER OUTSTANDING MOTIONS (DKTS. 22, 38, 42, 46)**

Plaintiff Deon Coleman, a state prisoner at Macomb Correctional Facility in New Haven, Michigan, filed a pro se civil rights complaint under 42 U.S.C. § 1983 for alleged violations of his constitutional and statutory rights. Defendants are the State of Michigan, an entity named V.H.S. Healthcare, and various individuals employed by the Michigan Department of Corrections (MDOC). Plaintiff claims that MDOC employees denied him adequate medical treatment in violation of his constitutional rights under the First, Eighth, Eleventh, and Fourteenth Amendments and his statutory rights under Title II of the Americans with Disabilities Act, 42 U.SC. § 12101 et seq.

Before the Court are two Reports and Recommendations (R&R) issued by Magistrate Judge Laurie J. Michelson. The first R&R, which was issued on July 30, 2012 (Dkt. 41), recommends the denial of Plaintiff's motion for default judgment (Dkt. 37). The second R&R, which was issued on September 4, 2012 (Dkt. 52), recommends that the motions for summary

judgment of Defendants Bailey, Bergh, Crisenberry, Gidley, and Perea be granted. In addition, it recommends (i) the sua sponte dismissal of Defendant Smith pursuant 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted, (ii) the denial of Defendant Smith's motion for summary judgment as moot (Dkt. 22), and (iii) the denial of Plaintiff's motion for summary judgment as moot (Dkt. 34). Plaintiff has not filed objections to the first R&R, but has filed objections to the second R&R (Dkt. 57).[1] Plaintiff objects only to the Magistrate Judge's recommendation to dismiss Defendant Smith. As to the other recommendations made by the Magistrate Judge regarding Defendants Bailey, Bergh, Crisenbery, Gidley, and Perea, Plaintiff does not object. Therefore, he has waived any further right to contest rulings not relating to Defendant Smith. See Thomas v. Arn, 474 U.S. 140, 155 (1985) (explaining the operation of the Federal Magistrates Act in the context of conditioning the statutory right to appeal by an appellate court). The Court reviews de novo those portions of the R&R to which a specific objection has been made. Fed. R. Civ. P. 72(b)(3).

In Plaintiff's objections, Plaintiff contends that the Magistrate Judge erred in her analysis of Plaintiff's administrative grievances against Defendant Smith, a nurse, and that Defendant Smith was deliberately indifferent to his medical needs by forging a medical release preventing him from receiving medical care in prison. Plaintiff argues that the Magistrate Judge erred because an issue of material fact exists as to whether he administratively exhausted his grievances against Defendant Smith. Pl.'s Objections at 1-3 (Dkt. 57). However, Plaintiff overlooks a critical aspect of the Magistrate Judge's R&R: the Magistrate Judge did not

---

[1] Plaintiff also filed a motion for reconsideration to the second R&R (Dkt. 56). Under this Court's local rules, a motion for rehearing or reconsideration must be filed after entry of a judgment or an order. L.R. 7.1(h)(1). As there is no order or judgment for the Court to reconsider, the motion is denied. However, the Court notes this motion contains the same arguments as Plaintiff's objections (the two filings are the same word-for-word, but have different pagination). Therefore, the Court's analysis of the objections applies to the arguments asserted in the motion for reconsideration.

recommend dismissal of Defendant Smith on exhaustion grounds. R&R at 15-16 (Dkt. 52) ("The Court, however, need not decide this issue [of exhaustion]; an examination of Plaintiff's allegations against Smith presents a firmer basis for dismissal."). Rather, the Magistrate Judge recommended dismissal of Defendant Smith because Plaintiff failed to state a claim against her for which relief could be granted. Id. at 16-24. After reviewing the R&R and the papers filed by the parties, the Court agrees with the Magistrate Judge's R&R that Plaintiff has failed to state a claim for which relief can be granted against Defendant Smith.

Plaintiff also states in his objections that an allegedly forged medical release amounted to deliberate indifference of his medical needs. Id. at 3-4, 6-8. The medical release, attached to Plaintiff's complaint and thoroughly reviewed in the R&R, has two sections, one to be completed by care providers, the other to be completed by the patient. Compl. at 16 (Dkt. 1). The first section states that another defendant, Morris, saw Plaintiff and informed him "to remain non-weight bearing on right foot." Id. Morris' and Defendant Smith's signature appear at the bottom of this section. Id. The second section states Plaintiff refused treatment and the reason for his refusal was "because I don't wanna." Id. Morris' signature appears at the bottom of this section. There is a line for "Patient's signature and MDOC Number," but this line is blank. Id. The form releases MDOC employees from "all responsibility for any ill effects" that result from an inmate's refusal of treatment. Id.

Plaintiff alleges that Morris and Defendant Smith forged the release by writing in his name and his reason for refusing treatment. Id. at 3. Plaintiff misunderstands the release because the information needed to complete the form – namely the names of the healthcare providers, patient's name, and the patient's reason for refusing treatment – can be filled-in by others. Clearly, Plaintiff never endorsed the statements of Defendant Smith and Morris because

he never signed the release and a signature does not appear on the form in Plaintiff's name that he claims was signed by someone else to perpetrate fraud.

Furthermore, in his objections, Plaintiff argues that the forged medical release has prevented his subsequent health care providers from interpreting his pleas for help as urgent. Id. at 7. This is a new argument raised for the first time by Plaintiff in his objections to the R&R. "It is well established that a party may not raise an argument, advance a theory, or marshal evidence before a District Judge that was not fairly presented to the Magistrate Judge." Marr v. Foy, No. 07-908, 2010 WL 3061297, at *4 (W.D. Mich. Aug. 3, 2010) (citing Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir.2000)). Because Plaintiff did not plead facts regarding deliberate indifference by Defendant Smith in his complaint or raise deliberate indifference in his response to Defendant Smith's motion for summary judgment or in his own motion for summary judgment, this argument is deemed waived.[2]

Plaintiff did not object to the other recommendations in the R&Rs and the time to do so has expired. Plaintiff has waived any further right to contest those conclusions. Thomas, 474 U.S. at 154-155. In any event, the Court has reviewed the R&Rs and finds that Magistrate Judge Michelson reached the correct results for the proper reasons. Accordingly, (1) both R&Rs (Dkts.

---

[2] Plaintiff's claim for deliberate indifference also fails on the merits. In order to find deliberate indifference, a plaintiff needs to present "evidence tending to establish that the [medical provider] is present while the inmate is in distress, that distress is communicated to the [medical provider], and the [medical provider] purposefully ignores the distress knowing that an adverse outcome is likely to occur." Jones v. Muskegon Cnty., 625 F.3d 935, 945 (6th Cir. 2010). While the evidence tends to show that Defendant Smith saw Plaintiff and Plaintiff communicated his distress to her, the evidence does not tend to show that Defendant Smith ignored Plaintiff's distress. For example, grievance responses completed by Defendant Smith indicate that Plaintiff's medication was adjusted and that he received "all medical care necessary" during the time Plaintiff was incarcerated at the Charles Egeler Reception and Guidance Center (RGC), a maximum security health care center. Compl. at 14-15 (Dkt. 1). Plaintiff was then transferred to Mound Correctional Center on August 18, 2011 and no longer saw Defendant Smith. See id. at 7, 25 (indicating transfer to new facility). Since the transfer from RGC, Plaintiff has continued to receive care. See, e.g., id. at 15, 25, 28-33, 44.

41 and 52) are accepted and adopted as the findings and conclusions of the Court; (2) Plaintiff's motion for default judgment (Dkt. 37) is denied; (3) the motions for summary judgment by Defendants Bailey, Bergh, Crisenberry, Gidley, and Perea are granted (Dkts. 20 and 26); (4) Plaintiff's motion for summary judgment (Dkt. 34) is denied; (5) Defendant Smith's motion for summary judgment (Dkt. 22) is denied as moot, (6) Plaintiff's request pursuant to Federal Rule of Civil Procedure 11 to impose a deterrence remedy against Bailey, Crisenbery, and Smith (Dkt. 38) is denied as moot; (7) Defendants Bailey, Bergh, and Crisenbery's motion to stay discovery (Dkt. 42) is denied as moot; and (8) Plaintiff's request for default judgment against Bailey, Bergh, Crisenbery, and Smith for failure to comply with discovery (Dkt. 46) is denied as moot.

SO ORDERED.

Dated: November 29, 2012  
Flint, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 29, 2012.

s/Amanda Chubb for Deborah J. Goltz  
DEBORAH J. GOLTZ  
Case Manager