UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEON COLEMAN,

       Plaintiff,                           Civil Action No. 12-10099

v.                                       HON. MARK A. GOLDSMITH

GULLET, et al.,

       Defendants.
_____/

**OPINION AND ORDER
(1) ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION (DKT. 99), (2) ADOPTING THE RECOMMENDATION
CONTAINED IN THE MAGISTRATE JUDGE'S REPORTS AND
RECOMMENDATIONS (DKTS. 100 and 102), (3) GRANTING THE CORIZON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. 77), (4) OVERRULING
PLAINTIFF'S OBJECTIONS (DKT. 107), and (5) DENYING OTHER OUTSTANDING
MOTIONS (DKTS. 86, 88, 94, 97)**

Plaintiff Deon Coleman, a state prisoner incarcerated at Macomb Correctional Facility in

New Haven, Michigan, filed a pro se civil rights complaint under 42 U.S.C. § 1983 for alleged

violations of his constitutional and statutory rights.  Plaintiff named twenty defendants, including

Corizon Health, Inc., Dr. Rickey Coleman, Physician Assistant Gina Couturier, Dr. Ramesh

Kilaru, Physician Assistant Foster Morris, and Dr. Lisa Reeves (the "Corizon Defendants").

Plaintiff claims that the Corizon Defendants denied him adequate medical treatment in violation

of his constitutional rights under the First, Eighth, Eleventh, and Fourteenth Amendments and his

statutory rights under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

Before the Court are the three Reports and Recommendations (R&R) issued by

Magistrate Judge Laurie J. Michelson on February 15, 2013.  The first R&R (Dkt. 99)

recommends that the motion for summary judgment of the Corizon Defendants (Dkt. 77) be

granted.  The second R&R (Dkt. 100) recommends denying (i) Plaintiff's "request for

independent action relief due to fraud" (Dkt. 86), (ii) Plaintiff's "fraud and special damages motion" (Dkt. 88), and (iii) Plaintiff's "motion to amend evidence and exhibit for motion for independent action" (Dkt. 94). The third R&R (Dkt. 102) recommends denying Plaintiff's motion for a preliminary injunction (Dkt. 97).

Plaintiff filed objections to the first R&R, but has not filed objections to the second and third R&Rs (Dkt. 107).[1] The Court reviews de novo those portions of the R&R to which a specific objection has been made. Fed. R. Civ. P. 72(b)(3). In Plaintiff's objections, Plaintiff does not specifically argue what portions of the first R&R with which he takes issue, but raises the same arguments that he raised in his response to the Corizon Defendants' motion for summary judgment (Dkt. 89) – namely that he properly complained of inadequate medical care by submitting three prison grievances, designated in the R&R as RGC 1158, NRF 0725, and NRF 0726.[2] Plaintiff contends that grievance RGC 1158 should never have been rejected. Pl.'s Objs. at 1 (Dkt. 107). But as explained by the Magistrate Judge, Plaintiff's recourse under applicable grievance procedures would have been to appeal the rejected grievance, which he never did. Plaintiff has not alleged that he attempted to appeal the rejection and has not provided any evidence showing that anyone prevented him from appealing the rejection of RGC 1158. Therefore, the Court overrules Plaintiff's objection regarding grievance 1158.

---

[1] Plaintiff does not specify to which R&R he directs his objections. Upon a reading of Plaintiff's four pages of objections, it is clear that he takes issue with the R&R recommending that the Court grant the Corizon Defendants' motion for summary judgment. Plaintiff does not mention the other R&Rs or the motions he filed pertinent to them, and his objections are not addressed to those R&Rs.

[2] As explained more fully in the R&R, the grievance names are derived, in part, from the Michigan Department of Corrections facility where they are submitted. For the grievances at issue here, "RGC" refers to the Charles Egeler Reception and Guidance Center and "NRF," for some unexplained reason, refers to the Mound Correctional Facility.

With regards to grievances NRF 0725 and NRF 0726, Plaintiff states in his objections that he filed suit some three weeks prior to exhausting administrative remedies for the two grievances.[3]  Pl.'s Objs. at 2.  However, Plaintiff does not reconcile his failure to exhaust administrative remedies with prior to filing suit, but rather rehashes the facts and allegations concerning his medical treatment.  Because Plaintiff failed to exhaust administrative remedies prior to filing suit, the Court must dismiss the claims in his complaint against the Corizon Defendants without prejudice.  Jones v. Bock, 549 U.S. 199, 211 (2007) (explaining that there "is no question that exhaustion is mandatory under the [Prison Litigation Reform Act] and that unexhausted claims cannot be brought in court.").

Plaintiff did not object to the other recommendations in the second and third R&Rs and the time to do so has expired.  The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review.  See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 1078 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard.").  There is some authority that a district court is required to review the R&R for clear error, see Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely

---

[3] In his objections, Plaintiff states that NRF 0725 and NRF 0726 were fully exhausted on January 10, 2012 and January 12, 2012, but that he filed suit on December 22, 2011.  Pl.'s Objs. at 2.

objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the second and third R&Rs for clear error. On the face of the record, the Court finds no clear error and adopts the recommendations.

Accordingly, (1) the first R&R (Dkt. 99) is accepted and adopted as the findings and conclusions of the Court; (2) the Court adopts the recommendations in the second and third R&Rs (Dkts. 100 and 102); (3) the Corizon Defendants' motion for summary judgment (Dkt. 77) is granted and the Corizon Defendants are dismissed without prejudice; (4) Plaintiff's objections (Dkt. 107) are overruled; (5) Plaintiff's "request for independent action relief due to fraud" (Dkt. 86) is denied; (6) Plaintiff's "fraud and special damages motion" (Dkt. 88) is denied; (7) Plaintiff's "motion to amend evidence and exhibit for motion for independent action" (Dkt. 94) is denied; and (8) Plaintiff's motion for preliminary injunction (Dkt. 97) is denied.

SO ORDERED.

Dated:  June 10, 2013                    s/Mark A. Goldsmith
        Flint, Michigan                  MARK A. GOLDSMITH
                                         United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 10, 2013.

                                         s/Deborah J. Goltz
                                         DEBORAH J. GOLTZ
                                         Case Manager

4