UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEON COLEMAN,

    Plaintiff,                                                    Civil Action No. 12-10099

v.                                                           Hon. Mark A. Goldsmith
                                                               Mag. Judge Laurie J. Michelson

M. GULLET, *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION TO GRANT IN PART
DEFENDANT NIKOLE MCLEAN'S MOTION FOR SUMMARY JUDGMENT [117]
AND TO DISMISS MCLEAN**

Plaintiff Deon Coleman asserts that the medical treatment provided at various correctional facilities for his surgically repaired, but improperly healed ankle has been constitutionally deficient. Coleman claims that a number of defendants associated with the Oakland County Jail, the Michigan Department of Corrections, and Corizon Correctional Healthcare acted with deliberate indifference to his ankle condition in violation of the Eighth Amendment. He says that some defendants did not remove his cast for six months resulting in difficulty showering, a foul odor, and water-logged skin. He further claims that, after the cast was removed, other defendants failed to adequately treat his still unhealed and extremely painful ankle. Over the year-and-a-half since the Complaint was filed, nineteen defendants have either been dismissed or, after considerable effort, cannot be served.

Now before this Court for a report and recommendation is a dispositive motion filed by the twentieth defendant: Nikole McLean asks this Court to dismiss this case pursuant to Fed. R. Civ P.

12(b)(6) or to enter judgment in her favor pursuant to Fed. R. Civ. P. 56. (Dkt. 117.)[1] The Court has considered McLean's motion and Plaintiff's response (Dkt. 126). Because McLean has sufficiently demonstrated that at most one of Coleman's grievances against her could be deemed exhausted, and because Coleman's allegations pertaining to that possibly-exhausted grievance fail to state a claim for relief, the Court RECOMMENDS that McLean be DISMISSED WITHOUT PREJUDICE.

## I. BACKGROUND

Plaintiff avers that McLean, along with three other individuals at TCF, refused to provide him access to outside-prison medical care even after viewing his x-rays. (Compl. at Pg ID 7.) He also asserts that McLean, with the same three individuals, told him to walk on his injured ankle. (*Id.*)

Coleman's primary claim against McLean, however, centers around her phone call that allegedly breached his privacy. Coleman claims that, in early December 2011, McLean called him via a correctional officer's telephone and forced him to speak about a "medical and grievance issue in front of [an] officer and [an]other inmate." (Compl. at Pg ID 43.) Coleman claims that requiring him to speak on the phone breached patient confidentiality and his right to privacy. (*Id.*) In response

---

[1] The Court questions counsel's indecisiveness as to the proper procedural tool. The purpose and scope of Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56 are well-settled. The former tests the sufficiency of a plaintiff's complaint: the defendant asserts that the plaintiff's allegations, and any documents referenced by those allegations and central to the plaintiff's claim, even when accepted as true, fail to state a cause of action. Rule 56, on the other hand, is a test of proof: if the defendant is the moving party, it claims that the plaintiff's evidence on an issue that the plaintiff bears the burden of persuasion on at trial is such that no reasonable jury could find in favor of the plaintiff on that issue. In future motions, counsel is encouraged to make a case specific determination as to whether a dispositive motion based on exhaustion—an issue that defendants carry both the burden of production and burden of persuasion, *Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012)—is properly brought pursuant to Rule 12(b)(6) or Rule 56. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.").

to McLean's motion for summary judgment, Coleman also says that the phone call placed him in danger at TCF, as other inmates would infer that the reason he was speaking on an officer's telephone was because he was "snitch[ing]" on them. (Dkt. 126, Pl.'s Resp. to McLean's Mot. Summ. J. at 2.)

Plaintiff grieved McLean for her phone call. (*See* Compl. at Pg ID 45.) Although the step I grievance form is not attached to the Complaint or Coleman's response to McLean's motion, the response to grievance number TCF 2011-12-007800-12E ("TCF 7800") provides, "Inmate states his interview for his prior grievance was done over the phone, and he feels there is no privacy. He feels RN 13 McLean was unprofessional, and that her statement of seeing him carry his crutches was deliberate indifference." (*Id.*) The step I response also implies that, in his grievance or during the grievance investigation, Coleman threatened to be "more than a nuisance." (*Id.*) Coleman additionally grieved that, contrary to McLean's claim that he walked out of the healthcare office carrying his crutches, he in fact did not walk on his injured ankle. (*Id.*)

On December 19, 2011, Health Unit Manager Bailey responded to the TCF 7800 grievance as follows:

> Based on the visualization of the inmate by 3 medical professionals[,] it was determined that inmate Coleman did not need the crutches. Mr. Coleman should refrain from making veiled threatening remarks in a grievance. Per PD 03.02.130 this is reason for rejection of a grievance. Grievances should be conducted over the phone only if an inmate no longer lives at the originating facility. RN 13 McLean has been made aware of this.

(Compl. at Pg ID 45.)

3

**II. ANALYSIS**

Although the vast majority of her brief is not case specific, McLean asserts that she is entitled to dismissal because "Coleman has not filed any Step III grievance appeals while incarcerated at TCF. . . . Furthermore, while this Court noted in an earlier Report and Recommendation that Coleman did file a grievance against Nurse Manager McLean, '[n]othing in the record suggests that Plaintiff exhausted this grievance through Step III prior to filing this suit.' . . . Nurse Manager McLean agrees." (Dkt. 117, Def.'s Mot. Summ. J. at 5-6.) McLean is correct that the reasoning in this Court's September 2012 Report and Recommendation, upon adoption by District Judge Mark A. Goldsmith, justifies finding almost all of Coleman's claims against her unexhausted. *See Coleman v. Gullet*, No. 12-10099, 2012 WL 5986779, at *3-13 (E.D. Mich. Sept. 4, 2012) (Michelson, M.J.), *report and recommendation adopted*, 2012 WL 5986679 (E.D. Mich. Nov. 29, 2012). But because one grievance against McLean could possibly be deemed exhausted, the Court believes that sua sponte dismissal of the legal claim raised by that grievance is more appropriate. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.").

### A. McLean Has Shown That Only One Grievance Against Her Was Possibly Exhausted Before Suit

The Prisoner Litigation Reform Act requires a prisoner to exhaust "administrative remedies as are available" before filing suit under 42 U.S.C. § 1983 or "any other Federal law." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). The exhaustion prerequisite applies to all inmate suits about prison life, regardless of the nature of the

wrong or the type of relief sought. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). Moreover, the prisoner must "properly" exhaust his claims by complying with the department of corrections', here MDOC's, grievance policy. *See Woodford v. Ngo*, 548 U.S. 81, 90-91 (2002) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ."); *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) ("A grievant must undertake all steps of the MDOC process for his grievance to be considered fully exhausted. . . ." (citing *Jones Bey v. Johnson*, 407 F.3d 801, 803 n. 2 (6th Cir. 2005), *other grounds abrogated by Jones v. Bock*, 549 U.S. 199 (2007))).

It is not, however, Coleman's burden to plead or prove that he has properly exhausted his administrative remedies. *Jones*, 549 U.S. at 216. Rather, non-exhaustion is an affirmative defense, *id.*, and, therefore, Defendant McLean has the burden of persuasion on the issue of non-exhaustion, *Surles*, 678 F.3d at 455-56. And "[i]n cases where the party moving for summary judgment also bears the burden of persuasion at trial, the party's 'initial summary judgment burden is higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Surles*, 678 F.3d at 455-56 (quoting *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001)).

Save for one grievance, which is addressed below, McLean has carried this burden. In September 2012, upon a review of the record then before the Court, this Court identified eight grievances that Coleman had filed before filing this suit. *See Coleman v. Gullet*, No. 12-10099, 2012 WL 5986779, at *3-13 (E.D. Mich. Sept. 4, 2012) (Michelson, M.J.), *report and recommendation adopted*, 2012 WL 5986679 (E.D. Mich. Nov. 29, 2012). In the September 2012 Report and Recommendation this Court concluded that the then-moving defendants had carried their summary

judgment burden of showing that Plaintiff had completed the grievance procedure for only two of the eight grievances, NRF-2011-09-0725-28B ("NRF 0725") and NRF-2011-09-0726-28B ("NRF 0726"). *Id.* at *7-9. This Court also flagged a potential genuine dispute over the status of a third grievance: whether Defendant Perea's conduct or Coleman's transfer from the Charles Egeler Reception & Guidance Center ("RGC") to the Mound Correctional Facility ("NRF") excused Coleman's failure to timely exhaust the RGC-2011-08-1158-12D ("RGC 1158") grievance. *Id.* at *9.

In objecting to this Court's September 2012 Report and Recommendation, Plaintiff did not argue that he had exhausted the other five grievances. (*See generally*, Dkt. 57, Pl.'s Objs. to Sept. 4, 2012 Report and Recommendation.) Nor did he argue that the Court failed to consider additional grievances beyond the eight reviewed. (*See generally id.*) In fact, in adopting the September 2012 Report and Recommendation, District Judge Mark A. Goldsmith noted that "Plaintiff objects only to the Magistrate Judge's recommendation to dismiss Defendant Smith. As to the other recommendations made by the Magistrate Judge regarding Defendants Bailey, Bergh, Crisenbery, Gidley, and Perea, Plaintiff does not object." *Coleman*, 2012 WL 5986679, at *1. Judge Goldsmith concluded, "Plaintiff has waived any further right to contest those conclusions." *Id.* at *2.

And even if Plaintiff could "contest those conclusions," he has not now demonstrated any error in those earlier findings. His response to McLean's summary judgment motion does not identify any other grievances that he exhausted before bringing this suit. (*See generally* Dkt. 126, Pl.'s Resp. to McLean's Mot. Summ. J.) Instead, Coleman asks rhetorically, "Is [the] PLRA non-exhaustion policy more prev[a]lent than health care policy? And constitutional privacy? Or can it continue to [be] used as a loophole for agencies and its employees [to receive] a [free pass] for

deliberate violations[?]" (Pl.'s Resp. to McLean's Mot. Summ. J. at 4.) Coleman's disagreement with the exhaustion requirement does not excuse his failure to satisfy it. Moreover, it is not this Court's role to resolve such policy issues.

As for the three grievances that this Court's September 2012 Report and Recommendation identified as either exhausted or possibly exhausted, i.e., NRF 0725, NRF 0726, and RGC 1158, none grieve the allegedly wrongful conduct that Coleman has sued McLean over. *See Coleman*, 2012 WL 5986779, at *3-4 (summarizing contents of grievances NRF 0725, NRF 0726, and RGC 1158), *report and recommendation adopted*, 2012 WL 5986679. The two facilities where grievances NRF 0725, NRF 0726, and RGC 1158 originated were, as their grievance identifier implies, NRF and RGC. But Plaintiff was not transferred to TCF until after his stays at NRF and RGC. The NRF and RGC grievances, therefore, could not have possibly complained of conduct yet to occur, and, in particular, McLean's alleged wrongful conduct at TCF. *See Coleman*, 2012 WL 5986779, at *7 ("Plaintiff had not yet been transferred to TCF at the time he filed the NRF grievances. Thus, the two exhausted NRF grievances cannot pertain to alleged misconduct at TCF . . . ."), *report and recommendation adopted*, 2012 WL 5986679.

### B. Although One Grievance Against McLean Could be Deemed Exhausted, the Conduct Grieved Fails to State A Claim

There is one issue specific to McLean's exhaustion defense that was not covered by this Court's September 2012 Report and Recommendation. In responding to Coleman's grievance about McLean's phone call (grievance TCF 7800), Bailey found that McLean should not have discussed a grievance with Coleman over the phone. (Compl. at Pg ID 45.) Drawing reasonable inferences in Coleman's favor, and given that McLean has not produced evidence "so powerful" that a reasonable jury would be unable to conclude otherwise, *see Surles*, 678 F.3d at 455-56, a reasonable jury could

7

conclude that Bailey's response resolved Coleman's grievance. And a resolved grievance may, in some circumstances, be deemed exhausted. *See Grear v. Gelabert*, No. 1:07-CV-203, 2008 WL 474098, at *10 (W.D. Mich. Feb. 15, 2008) ("Where a prisoner has received the relief he requested in his grievance, he has no basis for appealing his grievance to another step. . . . Accordingly, the grievance process must be considered fully exhausted on the matters in issue."); *cf. Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005) ("Once an agency has granted some relief and explained that no other relief is available, the administrative process has not been obstructed. It has been exhausted . . . ." (internal quotation marks omitted)).

The Court, however, does not need to resolve this unbriefed issue when a more familiar path presents itself. As far as the arguably resolved grievance goes, Coleman's claims are an attempt to plead a Fourteenth Amendment substantive due process claim:

> created un-safe inhumane living conditions . . . by forcing the plaintiff to discuss [his] medical and grievance issues on the officers['] telephone for officers and inmates to hear and comment aggressive rud[e]ly and disrespectfully. Creating a condition for prisoners to call the plaintiff a [snitch] for using the officers['] telephone. McLean's reckless conduct placed the plaintiff under [imminent danger] of serious physical injury.

(Pl.'s Resp. to McLean's Mot. Summ. J. at 2 (third and fifth brackets in original).) Coleman, it appears, agrees with this legal characterization of his allegations: "McLean violate[d] the 14th Amend. [Right] of Privacy by calling the plaintiff over the phone to discuss grievance and medical matters in total disregard for the plaintiff's rights." (*Id.* at 5.) A Fourteenth Amendment claim against McLean, however, fails to state a claim upon which relief may be granted; and, further, because Coleman is proceeding *in forma pauperis* this Court must dismiss that claim, *see Coleman*, 2012 WL 5986779 (explaining that 28 U.S.C. § 1915(e)(2) applies to suits where plaintiff is

proceeding in forma and that the provision remains applicable throughout the litigation), *report and recommendation adopted*, 2012 WL 5986679; *Hill v. Lapin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (providing that Federal Rule of Civil Procedure 12(b)(6) standards govern dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)).

Beginning with Coleman's claim that McLean forced him to speak about his private medical condition in the presence of others, the Fourteenth Amendment does include a "substantive component" that protects the "interest in avoiding disclosure of personal matters." *Whalen v. Roe*, 429 U.S. 589, 599 (1977); *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 465 (1977). But the Sixth Circuit "'has narrowly construed the holdings of *Whalen* and *Nixon* to extend the right to informational privacy only to interests that implicate a fundamental liberty interest.'" *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (quoting *Bloch v. Ribar*, 156 F.3d 673, 684 (6th Cir. 1998)); *see also J. P. v. DeSanti*, 653 F.2d 1080, 1091 (6th Cir. 1981) ("[N]ot all rights of privacy or interests in nondisclosure of private information are of constitutional dimension, so as to require balancing government action against individual privacy."). Indeed, our Court of Appeals has "recognized an informational-privacy interest of constitutional dimension in only two instances: (1) where the release of personal information could lead to bodily harm ([*Kallstrom v. City of Columbus*, 136 F.3d 1055 (6th Cir. 1998)]), and (2) where the information released was of a sexual, personal, and humiliating nature ([*Bloch v. Ribar*, 156 F.3d 673 (6th Cir. 1998)])." *Lambert*, 517 F.3d at 440.

Plaintiff's allegations do not implicate either privacy interest. Although McLean allegedly caused the public disclosure of Coleman's ankle treatment (again, construing all inferences in Plaintiff's favor), ankle treatment is not information of "a sexual, personal, and humiliating nature,"

9

*Lambert*, 517 F.3d at 440. Indeed, the Sixth Circuit has "not yet confronted circumstances involving the disclosure of medical records that, in [its] view, are tantamount to the breach of a 'fundamental liberty interest' under the Constitution." *Lee v. City of Columbus, Ohio*, 636 F.3d 245, 261 (6th Cir. 2011) (citing cases and holding that state agency's requirement that employees who took sick leave had to provide a physician's statement of the "nature of the illness" did not raise an informational-privacy concern of a constitutional dimension); *Jarvis v. Wellman*, 52 F.3d 125, 126 (6th Cir. 1995) (disclosure of rape victim's medical records to an inmate by prison officials did not breach a right recognized as "fundamental" under the Constitution so as to state cognizable § 1983 action); *cf. Bloch*, 156 F.3d at 676 (holding that the plaintiff's constitutional right to privacy was implicated where, at a press conference, a sheriff released "highly personal and extremely humiliating details" of the plaintiff's rape, some of which were "so embarrassing she had not even told her husband"). And Plaintiff has not adequately pled how discussing his ankle treatment in the presence of others placed him at risk of bodily harm. Accordingly, neither privacy prong is adequately pled.

Coleman's assertion that McLean placed him in "imminent danger" "of serious physical injury" by requiring him to take a call on the officer's telephone fares no better. A "state-created-danger" claim pursuant to the Fourteenth Amendment requires a plaintiff to plead facts supporting three elements; two are critical here: "(1) an affirmative act by the state which either created or increased the risk that the plaintiff would be exposed to an act of violence by a third party," and "(2) the state knew or should have known that its actions specifically endangered the plaintiff." *Estate of Smithers ex rel. Norris v. City of Flint*, 602 F.3d 758, 763 (6th Cir. 2010). Coleman has not adequately pled either element.

As to the first, Coleman asserts that McLean "[c]reat[ed] a condition for prisoners to call the plaintiff a [snitch]" and that McLean's "reckless conduct placed the plaintiff under [imminent danger] of serious physical injury." (Pl.'s Resp. to McLean's Mot. Summ. J. at 2; *see also* Compl. at Pg ID 7, 45.) These allegations are essentially legal conclusions rather than factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679, 681 (2009) (explaining that legal conclusions are not "entitled to the assumption of truth."). Plaintiff has not pled, for example, that any inmate in fact thought of him as a snitch for using the officers' phone, and if they did, threatened or retaliated against him any way.

The second element is equally problematic for Plaintiff: he has not pled that McLean was aware that by requiring him to use the officers' telephone she was placing him at risk of retaliation from other inmates. And, as far as McLean's state of mind goes, she was attempting to help Coleman by responding to his request for medical treatment made earlier on the day of the call. (Compl. at Pg ID 41 ("RN McLean would you please evaluate my injury to see if I'm eligible for orthopedic shoes and pain medication since the 'new' rehab consist[s] on my already badly injured and painful foot." ); *see also* Compl. at Pg ID 43.) Perhaps a reasonable officer in McLean's position would have spoken with Coleman in person; but negligence is not the state of mind that a state-created-danger substantive due process claim requires. *Cutlip v. City of Toledo*, 488 F. App'x 107, 117 (6th Cir. 2012) ("Crucially, the police officers' affirmative acts must be made with deliberate indifference, which this Circuit has 'equated with subjective recklessness.'" (quoting *Ewolski v. City of Brunswick*, 287 F.3d 492, 513 (6th Cir. 2002)).

**III. CONCLUSION AND RECOMMENDATION**

In sum, it follows from this Court's September 2012 Report and Recommendation, as adopted by Judge Goldsmith, that Coleman did not take through Step III of the grievance process any claim he had against McLean. One grievance against McLean, however, could be deemed exhausted because it was arguably resolved: Coleman's grievance regarding McLean's call via the officers' telephone. But Plaintiff has not adequately pled how McLean's call breached his constitutional right to privacy or amounted to a state-created-danger under the substantive due process clause. So any claim arising from the possibly exhausted grievance should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). All other claims against McLean are not administratively exhausted. For these reasons, and those set forth above, this Court RECOMMENDS that Defendant Nikole McLean be DISMISSED WITHOUT PREJUDICE.

**IV. FILING OBJECTIONS TO THIS REPORT**

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon

this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                                                            s/Laurie J. Michelson  
                                                            LAURIE J. MICHELSON  
                                                            UNITED STATES MAGISTRATE JUDGE

Dated:  August 6, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 6, 2013.

                                                            s/Jane Johnson  
                                                            Deputy Clerk