UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEON COLEMAN,

    Plaintiff,

v.

M. GULLET, et al.,

    Defendants.
_____/

Civil Action No. 12-10099

HON. MARK A. GOLDSMITH

**ORDER (1) ADOPTING THE REPORT AND RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED AUGUST 6, 2013 (DKT. 134), (2) ADOPTING THE RECOMMENDATIONS CONTAINED IN THE MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS DATED AUGUST 6, 2013 (DKTS. 135 and 137), (3) OVERRULING PLAINTIFF'S OBJECTIONS (DKT. 138), and (4) DENYING PLAINTIFF'S VARIOUS MOTIONS (DKTS. 121, 122, 125, and 127)**

    Plaintiff Deon Coleman, a state prisoner incarcerated at Macomb Correctional Facility in New Haven, Michigan, filed a _pro se_ civil rights complaint under 42 U.S.C. § 1983 for alleged violations of his constitutional and statutory rights, naming twenty defendants, most of whom have been dismissed in previous orders. This matter is once more before the Court on three Reports and Recommendations (R&Rs) of Magistrate Judge Laurie J. Michelson, issued on August 6, 2013. These R&Rs dispose of the remaining defendants and outstanding motions. In the first R&R (Dkt. 134), the Magistrate Judge recommends the dismissal without prejudice of Defendant McLean. In the second R&R, (Dkt. 135), the Magistrate Judge recommends the dismissal without prejudice of Defendants Gullet, an unidentified doctor, Morrisey, Lambert, Wilcot, and Lee. With regard to the third R&R (Dkt. 137), the Magistrate Judge recommends denying Plaintiff's two motions to supplement (Dkts. 121 and 127) and denying Plaintiff's two motions for a preliminary injunction as moot (Dkts. 122 and 125).

Plaintiff filed objections to the first R&R (Dkt. 138), but has not filed objections to the second and third R&Rs. The Court reviews de novo those portions of an R&R to which a specific objection has been made. Fed. R. Civ. P. 72(b)(3).

In Plaintiff's objections, Plaintiff argues that the "Court has placed two separate issues before the Plaintiff." Pl.'s Objs. at 1 (Dkt. 138). The first issue Plaintiff appears to raise, though it is not entirely clear, is that the Court should treat one of his prison grievances lodged with the Michigan Department of Corrections, TCF 7800, as administratively exhausted. Id. at 1-2. As concerns the second issue, Plaintiff argues that the Court has failed to consider that his other additional grievances are also exhausted, in particular, grievance RGC 1158. Id. at 2.

These objections lack merit. With regard to this first objection, the first R&R deemed grievance TCF 7800 to be exhausted in ruling on Defendant McLean's motion to dismiss. R&R at 7-8 ("Drawing reasonable inferences in Coleman's favor, and given that McLean has not produced evidence 'so powerful' that a reasonable jury would be unable to conclude otherwise, a reasonable jury could conclude that Bailey's response resolved Coleman's grievance. And a resolved grievance may, in some circumstances, be deemed exhausted.") (citations omitted). Plaintiff's objection merely advocates for a position adopted by the R&R and is, therefore, moot.[1]

Turning to the second objection, Plaintiff states that his other grievances should be considered exhausted, but only specifies one particular grievance – RGC 1158. Plaintiff fails to note, as the R&R correctly concluded, that this grievance does not apply to Defendant

---

[1] Plaintiff does not object to the R&R's analysis and conclusion that flows from deeming grievance TCF 7800 as exhausted: that Plaintiff has failed to state a claim upon which relief can be granted. See R&R at 8-11 (recommending sua sponte dismissal of Plaintiff's Fourteenth Amendment claims). Of course, any objection to this conclusion has been waived. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

McLean because Defendant McLean was not at the facility, the Charles Egeler Reception & Guidance Center, where that particular grievance arose. See R&R at 6-7 (discussing chronology of Plaintiff's grievances in relation to the location of his incarceration). Plaintiff's objection does not actually take issue with a conclusion reached by the R&R. Moreover, the Court has already ruled in a separate order that grievance RGC 1158 was not exhausted. See 6/10/2013 Op. and Order at 2 (explaining that Plaintiff never appealed the rejection of grievance RGC 1158 under the procedures of the Michigan Department of Corrections).

Accordingly, the Court overrules Plaintiff's objections (Dkt. 138).

The parties did not file objections to the other two R&Rs, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 1078 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). There is some authority that a district court is required to review the R&R for clear error, see Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the

Court finds no clear error and adopts the recommendation.

Accordingly, Defendants McLean, Gullet, an unidentified doctor, Morrisey, Lambert, Wilcot, and Lee are dismissed without prejudice and Plaintiff's various motions are denied (Dkts. 121, 122, 125, and 127).

SO ORDERED.

Dated: September 13, 2013           s/Mark A. Goldsmith
       Flint, Michigan              MARK A. GOLDSMITH
                                    United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 13, 2013.

                                    s/Deborah J. Goltz
                                    DEBORAH J. GOLTZ
                                    Case Manager